23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ayodeji ODUMOSU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-1359.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 11, 1994.
Decided May 11, 1994.
 
 Before BAUER, ESCHBAUCH and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ayodeji Odumosu, a Nigerian citizen, became a lawful permanent resident of the United States on November 8, 1982. On December 10, 1984, he was convicted in the Circuit Court of Cook County, Illinois on two counts of possessing with intent to deliver less than ten grams of heroin and between 30 and 500 grams of marijuana. He was sentenced to 18 months of probation. On October 17, 1986, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Odumosu with deportability under section 241(a)(11) of the Immigration and Nationality Act ("INA"). Odumosu admitted deportability at an October 28, 1986 hearing before an immigration judge, but subsequently applied for asylum and withholding of deportation. The immigration judge denied Odumosu's application and ordered him deported to Nigeria on May 1, 1987.
 
 
 2
 The Board of Immigration Appeals dismissed Odumosu's appeal on January 17, 1992 and the order of deportation became final at that time. He now appeals from the BIA's decision. We review the Board's decision rather than the decision of the immigration judge, because the final decision rests with the Board. Khano v. INS, 999 F.2d 1203, 1207 (7th Cir.1993). We will reverse the Board's decision only if we find an abuse of discretion. Khano, 999 F.2d at 1207.
 
 I. Asylum
 
 3
 INA section 208(a), 8 U.S.C. Sec. 1158(a), provides for discretionary grants of asylum. It reads:
 
 
 4
 The Attorney General shall establish a procedure for an alien physically present in the United States or at a land border or port of entry, irrespective of such alien's status, to apply for asylum, and the alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title.
 
 
 5
 8 U.S.C. Sec. 1101(a)(42)(A), INA Sec. 101(a)(42)(A), in turn defines a refugee as a person who cannot return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." The asylum applicant bears the burden of establishing that he is a "refugee" within the meaning of the Act, and in doing so he "must present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution if forced to return to his or her country of origin." Khano, 999 F.2d at 1208. In order to establish a "well-founded fear," the applicant must show both that he has an actual subjective fear of persecution and that that fear is objectively reasonable. Id.
 
 
 6
 Odumosu testified before the immigration judge that he feared persecution by the "Organization Ogbhoni," a "very secret powerful organization," of which his father was a member. (R. 70-71, 94.) He explained that he had been designated as his father's successor in the organization and that his refusal to join could result in his death. (R. 71.) He stated that he also feared persecution on the basis of his Christian religious beliefs. He explained that his uncle, who is well known, claims to be "the living Christ in Nigeria," although Odumosu did not explain how that would lead to his own persecution. (R. 72-73.) He also stated in his asylum application that in 1983 his father had been removed from the judiciary and banished from his home town, had received death threats and had had his automobile "fire-bombed." (R. 94.) The application also reflected that drug offenses like those Odumosu had been convicted of were punishable by death in Nigeria. (R. 95.)[1]
 
 
 7
 The State Department's advisory opinion suggested that Odumosu did not have a well-founded fear of persecution. It indicated that one-third of the Nigerian population was Christian and that, although religious differences may lead to "inter-personal discrimination," "[t]here is no government-inspired nor government-condoned persecution on religious grounds in Nigeria." (R. 90.) It also noted that the Federal Military Government, which had been in power when Odumosu's father was persecuted, had been overthrown in 1985. (Id.)
 
 
 8
 Both the immigration judge and the Board found that Odumosu's claim was not persuasive or credible and that he therefore had failed to establish a well-founded fear of persecution. They reasoned that Odumosu's testimony regarding the fear of persecution was strongly undercut by the fact that he had voluntarily returned to Nigeria in May, 1986 for a two-week visit. (R. 2, 45.)
 
 
 9
 The Board was well within its discretion in making that determination. Odumosu presented no evidence to support his claim aside from his own testimony. The Board found that testimony to be not credible in light of Odumosu's voluntary 1986 trip. And, although Odumosu had explained that he had made the trip to visit his father's deathbed and that he had spent the entire period in hiding, the Board's credibility determination was not an abuse of discretion. In addition, the State Department's advisory opinion contradicted Odumosu's testimony and Odumosu presented no evidence to counter it.
 
 II. Withholding of Deportation
 
 10
 Section 243(h)(1) of the INA, 8 U.S.C. Sec. 1253(h), which provides for withholding of deportation, states in relevant part:
 
 
 11
 (1) The Attorney General shall not deport or return any alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.
 
 
 12
 (2) Paragraph (1) shall not apply to any alien if the Attorney General determines that--
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 (B) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States ...
 
 
 16
 The BIA found that Odumosu was statutorily ineligible for withholding of deportation because of his drug trafficking convictions. It held that the drug offense was an "inherently particularly serious" crime.[2] In light of this per se determination, the Board found that "no further inquiry is required into the nature and circumstances of the respondent's conviction" and made no such inquiry.
 
 
 17
 It is true, as the INS argues, that section 243 was amended in 1990 to provide that all drug crimes disqualify applicants from withholding of deportation under the section. See Garcia, 7 F.3d at 1322. But the amendment does not apply retroactively, and the cases that the INS have cited do not persuade us that Odumosu was statutorily ineligible for withholding of deportation. First, the INS cites two Ninth Circuit cases that have applied the per se rule to drug offenses. See Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987); Mahini v. INS, 779 F.2d 1419, 1420-21 (9th Cir.1986). But the Ninth Circuit has since retreated from that position in Beltran-Zavala v. INS, 912 F.2d 1027 (9th Cir.1990) (per curiam). In that case the court rejected the per se approach, requiring instead that the Board "look to such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." 912 F.2d at 1032 (quoting In re Frentescu, 18 I & N Dec. 244, 247 (1982)). The INS also cites Arauz v. Rivkind, 845 F.2d 271 (11th Cir.1988), but that case did not hold that all drug offense are "particularly serious" as a matter of law without consideration of the facts underlying the conviction. Instead, the court found that the particular crime in that case (involvement in a distribution conspiracy involving more than 4000 pounds of marijuana) was clearly a serious crime. The law does not therefore support a per se rule for applications that were filed before the 1990 Act became effective. The Board should have considered the nature of Odumosu's offense before determining that it was "particularly serious."
 
 
 18
 Notwithstanding that error in its reasoning, the Board's decision regarding Odumosu's asylum application was not incorrect. Applicants for relief under section 243(h) bear a heavier burden regarding possible persecution than do applicants under section 208(a). Under section 243(h), the applicant must establish that "it is more likely than not" that he will suffer persecution. Khano, 999 F.2d at 1209 (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Thus, if an applicant fails to establish a "well-founded fear" for purposes of section 208(a), his section 243(h) claim must also fail. Id. Despite our concerns regarding its finding of statutory ineligibility, the Board did not therefore abuse its discretion in denying Odumosu's application for withholding of deportation.
 
 III. Due Process
 
 19
 Finally, Odumosu asserts that his hearing before the immigration judge did not comport with the requirements of due process. He points to two flaws in particular. First, he notes that the judge expressed his opinion on Odumosu's application before the hearing was completed. Second, he complains that the judge questioned Odumosu himself rather than allowing Odumosu's lawyer to do so. For these reasons, he asserts that the decision was made without his attorney having had an opportunity to present his case.
 
 
 20
 In Shahandeh-Pey v. INS, 831 F.2d 1384, 1389 (7th Cir.1987), we explained that in order to prevail on a due process claim, a petitioner must "produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of ... deportation proceedings." 831 F.2d at 1389 (emphasis in original) (quoting United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986)). Odumosu has pointed to no evidence that was overlooked because of the alleged violation. Indeed, the only evidence that he discusses in his brief is the fact that he has American-born children, but the Immigration Judge was apprised of that fact (see R. 75). Having presented no evidence suggesting that the alleged due process violation affected the outcome of his case, Odumosu's claim must fail.[3]
 
 IV. Conclusion
 
 21
 The petition for review is therefore DENIED.
 
 
 
 [1]
 Neither the immigration judge nor the BIA addressed this issue in their opinions, nor has Odumosu addressed it on appeal. The claim is in all events not relevant to the asylum determination, as we have held that possible punishment for drug offenses does not constitute persecution for purposes of the Act. Bastanipour v. INS, 980 F.2d 1129, 1132-33 (7th Cir.1992). In addition, the State Department noted in its advisory opinion that the death penalty for drug offenses had been abolished in 1986 and replaced with life imprisonment. (R. 90.)
 
 
 [2]
 In Garcia v. I.N.S., 7 F.3d 1320, 1322-24 (7th Cir.1993), we adopted the position that had been articulated by the BIA in In re Carballe, 19 I. & N. Dec. 357 (BIA 1986), that subsection (2)(B) requires only one factual determination. In other words, the inquiry ends upon determining that the petitioner has been convicted of a particularly serious crime. The immigration judge need not make a separate determination of whether the petitioner constitutes a danger to the community, because that is implicit in the finding that he has been convicted of a particularly serious crime. See Garcia, 7 F.3d at 1322-23
 
 
 [3]
 Odumosu has also argued for the first time before this court that his deportation violated the United States' obligations under the United Nations Protocol Relating to the Status of Refugees. By failing to raise it below, Odumosu has waived this argument, which in any event lacks merit