45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Camille CHAMMAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Camille Chammas appeals from a decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we affirm.
 
 
 3
 * Chammas requests asylum relief under 8 U.S.C. Sec. 1158 on the ground that he fears persecution by Syrian forces in Lebanon due to his membership in the Liberal Party of the Christian Forces. To qualify for asylum, Chammas must prove that his fear of persecution based on his religion is well-founded. 8 U.S.C. Secs. 1101(a)(42)(A), 1158. Cardoza-Fonseca v. INS, 480 U.S. 421 (1987); Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986).
 
 
 4
 The BIA found that while the evidence showed that Chammas had been stopped, detained, and mistreated on several occasions by Syrian forces, it did not show that he was singled out because of his religious beliefs. Being a victim of ongoing civil strife does not qualify an alien for asylum relief. See Martinez-Romero v. INS, 692 F.2d 595 (9th Cir.1982). Moreover, the BIA noted other evidence that cut against Chammas' allegations of feared persecution.[1] We cannot say that Chammas' evidence was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Consequently, we hold that the Chammas did not sustain his burden of proving eligibility for asylum relief.[2]
 
 II
 
 5
 Chammas next claims that the BIA erred in denying his application for withholding of deportation. An alien is ineligible for this relief if he, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C. Sec. 1253(h)(2)(B). Chammas bears the burden of demonstrating statutory eligibility for withholding of deportation. Diaz-Escobar, 872 F.2d at 1492. Chammas urges that his felony conviction for the sale of cocaine does not constitute a "particularly serious offense" within the meaning of Sec. 1253(h)(2)(B). We disagree.
 
 
 6
 Whether a given offense constitutes a particularly serious offense under Sec. 1253(h)(2)(B) is a question of law that this court reviews de novo but with deference to the BIA's interpretation of the statute. Ramirez-Ramos v. INS, 814 F.2d 1394, 1396 (9th Cir.1987). The BIA has consistently held that convictions involving the sale of narcotics qualify as a particularly serious offenses.[3] See, e.g., Matter of Gonzalez, 19 I & N Int.Dec. 682 (BIA1988); Matter of U-M, Int.Dec. 3152 (BIA1991). We have ratified the BIA's treatment of drug offenses. See Ramirez-Ramos, 814 F.2d at 1397 ("There is no question that this circuit has ratified the BIA's consistent view that convictions for drug possession and trafficking are particularly serious within the meaning of [Sec. 1253(h)(2)(B) ]"); Mahini v. INS, 779 F.2d 1419, 1421 (9th Cir.1986) (holding that the BIA reasonably concluded that a conviction for possession of heroin with intent to distribute was particularly serious). The BIA noted the extremely harmful effects of drug trafficking in the United States in reaching its decision. Its conclusion that Chammas' drug conviction constitutes a particularly serious offense is reasonable and entitled to deference.
 
 
 7
 Finally, Chammas suggests that he is not ineligible for withholding of deportation because his arrest was the result of entrapment. However, the validity of a criminal conviction may not be examined for deportation purposes. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir.1993); Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985). Consequently, Chammas' claim of entrapment has no bearing on his eligibility for withholding of deportation.
 
 
 8
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For example, the stops Chammas describes occurred at random checkpoints, which contradicts his allegation of being a specific target of the Syrian forces. Moreover, Chammas' other Christian relatives were not harassed in Lebanon. Finally, Chammas returned voluntarily to Lebanon to visit his parents in 1986, something he might not have done had he feared persecution as much as he alleged
 
 
 [2]
 Because we hold that Chammas is not eligible for asylum, we do not reach his claim that it was an abuse of discretion for the Immigration Judge to deny asylum on the basis of his criminal conviction
 
 
 [3]
 Section Sec. 1253 has been recently amended to provide explicitly that narcotics trafficking offenses are per se particularly serious for purposes of withholding of deportation. See 8 U.S.C. Sec. 1101(a)(43). Because these amendments apply only to deportation proceedings begun after November 29, 1990, however, they do not have any effect on this case