46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hossein HAMZAVI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70459.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 14, 1994.*
Decided: Jan. 4, 1995.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Hamzavi seeks review of the Board of Immigration Appeals' affirmance of the Immigration Judge's decision (1) to grant the INS's motion to reopen, (2) to reconsider its previous holding, and (3) to deny petitioner's application for asylum and withholding of deportation. We deny the petition for review.
 
 
 3
 * A
 
 
 4
 Hamzavi argues that the Board erred in affirming the IJ's decision to grant the motion to reopen because the INS did not present material evidence that "was not available and could not have been discovered or presented" at the prior proceeding as required by the governing agency regulation. 8 C.F.R. Sec. 242.22 (1994). While we agree with petitioner that the BIA erred, we hold that the error was harmless because the IJ did not, in fact, reopen the proceedings. Instead, the IJ treated the INS's motion as a motion to reconsider. AR 1, 3, 72. The relevant inquiry then becomes whether or not the IJ erred in reconsidering his earlier decision granting petitioner withholding of deportation.
 
 B
 
 5
 Petitioner argues that the BIA abused its discretion and violated principles of res judicata and due process in affirming the IJ's decision to reconsider his earlier holding that petitioner was eligible for withholding of deportation due to the fact that petitioner's 1974 conviction was not a "particularly serious crime." See 8 U.S.C. Sec. 1253(h)(2)(B) (1988 & Supp. V 1994). We disagree.
 
 1. Abuse of Discretion
 
 6
 The relevant INS regulations on motions to reconsider provide in part:
 
 
 7
 (1) (i) General. [W]hen the affected party files a motion, the official having jurisdiction may, for proper cause shown, ... reconsider the prior decision.
 
 
 8
 (ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction.
 
 
 9
 * * *
 
 
 10
 (3) Requirements for motion to reconsider: A motion to reconsider must - (i) state the reasons for reconsideration; and (ii) be supported by any pertinent precedent decisions.
 
 
 11
 8 C.F.R. Sec. 103.5 (1994). The Ninth Circuit has further clarified these requirements by stating that "[t]here is no requirement for allegations of new facts or even new precedent. There is no time limit specified in the regulations for bringing the motion except that it may not be brought after the departure of the person involved." Chudshevid v. INS, 641 F.2d 780, 784 (9th Cir. 1981).
 
 
 12
 The IJ complied with all the foregoing requirements. The IJ reconsidered his previous decision regarding petitioner's 1974 conviction based on the INS's allegations that the decision was wrong as a matter of law. AR 71-72. In reversing his decision and finding that the 1974 conviction was in fact for "a particularly serious crime," the IJ cited to the cases referred to by the INS during the second hearing and in its motion to reopen: Mahini v. INS, 779 F.2d 1419 (9th Cir. 1986) and Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir. 1987). AR 57, 59, 68, 116. Furthermore, it is undisputed that the IJ had jurisdiction of petitioner's deportation proceedings. Because the IJ acted in accordance with agency regulations, the BIA did not abuse its discretion in affirming. Cf. Ramon-Sepulveda v. INS, 743 F.2d 1307, 1310 (9th Cir. 1984).
 
 2. Res Judicata
 
 13
 Petitioner also argues that the principle of res judicata precluded the IJ from reconsidering whether or not his 1974 conviction constituted a "particularly serious crime." Petitioner claims that since the INS did not appeal the IJ's original decision, that decision became "administratively final," Petitioner's Br. at 8, and therefore could not be reconsidered in "a new proceeding between the same parties on the same issue previously resolved by a valid and final judgment on the merits." Id. at 7.
 
 
 14
 Petitioner is, in fact, challenging the entire framework established by the INS regulations for allowing IJs to reopen and reconsider their decisions. See 8 C.F.R. Secs. 3.2, 3.8, 103.5, 242.22. According to petitioner, once an IJ's decision becomes administratively final -- in this case ten days after service of the decision since no appeal was filed, 8 C.F.R. Sec. 3.38(b) -- the IJ may not reopen or reconsider that decision without violating the principle of res judicata. Petitioner's position is untenable. The Ninth Circuit has consistently acknowledged the BIA's and the IJ's right to reopen or reconsider cases in accordance with INS regulations. Padilla-Agustin v. INS, 21 F.3d 970, 977 (9th Cir. 1994); Butros v. INS, 990 F.2d 1142, 1145 (9th Cir. 1993); Saldana v. INS, 762 F.2d 824, 826 (9th Cir. 1985), amended, 785 F.2d 650 (9th Cir. 1986); Artukovic v. INS, 693 F.2d 894, 898 (9th Cir. 1982); Chudshevid, 641 F.2d at 784.
 
 3. Due Process
 
 15
 Petitioner also argues that his due process rights were violated because the IJ did not give sufficient notice of his intention to treat the motion to reopen as a motion to reconsider. Petitioner claims that due to the lack of notice, he did not have an "opportunity to respond to an entirely different motion." Petitioner's Br. at 7. This argument is also without merit.
 
 
 16
 First, petitioner did not respond to the motion to reopen. Second, and most importantly, before the IJ reconsidered his decision petitioner was given adequate notice of the relevant issues and ample opportunity to respond: (1) the INS indicated in its motion that it would argue that petitioner was statutorily ineligible for withholding of deportation based on Mahini v INS, 779 F.2d 1419 (9th Cir. 1986); (2) the IJ specifically stated his intention to reconsider petitioner's eligibility for withholding of deportation based on his 1974 conviction in light of the cited Ninth Circuit precedent, AR 71; and (3) the IJ gave petitioner the opportunity to file briefs on the issue of his continued eligibility for withholding of deportation before rendering a new decision, AR 74, 84.
 
 II
 
 17
 Petitioner argues that the Board erred in affirming the IJ's denial of his application for asylum. More specifically, petitioner argues first that the Board's failure to consider petitioner's "clear probability" of persecution constituted an abuse of discretion. Petitioner's Br. at 9-10. For support, petitioner cites the following cases: Gonzalez Batoon v. INS, 791 F.2d 681 (9th Cir. 1986); De La Luz v. INS, 713 F.2d 545, 547 (9th Cir. 1983); Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir. 1981). We find petitioner's argument unpersuasive.
 
 
 18
 While it is true that the Board abuses its discretion in denying relief "[w]hen important aspects of [an] individual claim are distorted or disregarded," Santana-Figueroa, 644 F.2d at 1356, petitioner's "clear probability" claim was not disregarded here. The IJ explicitly noted that petitioner faced a "clear probability" of persecution upon deportation to Iran. AR 147. The BIA then affirmed the IJ's decision because it found that "the [IJ's] denial of the respondent's asylum request in the exercise of discretion [was] supported by the record." AR 7. When the IJ has thoroughly considered all of petitioner's asserted claims, the BIA need not re-catalogue every single factor considered by the IJ in order to find that the IJ acted within his discretion. The cases cited by petitioner do not indicate otherwise. All the cases cited involved instances where no administrative body -- neither the IJ nor the Board -- had considered petitioners' asserted claims. See Gonzalez Batoon, 791 F.2d at 683-84 (motion to reopen presented only to Board and Board did not consider petitioner's claim of extreme hardship); De La Luz, 713 F.2d at 546 (IJ and BIA failed to consider any favorable factors); Santana-Figueroa, 644 F.2d at 1356 ("Neither the [IJ] nor the Board made any specific finding [on petitioner's asserted hardship].").
 
 
 19
 Petitioner also contends that the Board abused its discretion by improperly discounting petitioner's long residency in the U.S. on the grounds that the extended residency was only made possible by petitioner's violation of the immigration laws. Petitioner's Br. at 10. The Supreme Court has foreclosed this argument:
 
 
 20
 While all aliens illegally present in the United States have, in some way, violated the immigration laws, it is untenable to suggest that the Attorney General has no discretion to consider their individual conduct and distinguish among them on the basis of the flagrancy and nature of their violations. There is a difference in degree between one who enters the country legally, staying beyond the terms of a visa, and one who enters the country without inspection.
 
 
 21
 INS v. Rios-Pineda, 471 U.S. 444, 451 (1985).
 
 III
 
 22
 Finally, petitioner challenges the IJ's finding that he was convicted of a "particularly serious crime." We do not have jurisdiction to hear this challenge, however. Petitioner did not present this challenge to the BIA and has failed to provide "an overriding justification" for not having done so. Vargas v. INS, 831 F.2d 906, 907 (9th Cir. 1987); accord Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir. 1980), cert. denied, 456 U.S. 994 (1982). Although petitioner correctly notes that a litigant need not exhaust his administrative remedies when it would be futile do to so, Aleknagik Natives v. Andrus, 648 F.2d 496, 499 (9th Cir. 1980), petitioner has not proffered any reason why presenting his arguments to the BIA would have been futile. We note, however, that petitioner's arguments have been foreclosed on the merits by our decision in Feroz v. INS, 22 F.3d 225 (9th Cir. 1994).
 
 
 23
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3