60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos Humberto AGUIRRE-COLINDRES, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-70192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided June 30, 1995.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I&NS No. Aks-xjo-eri.
 I.N.S.
 PETITION DENIED.
 Before: BROWNING, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because we held in Aguirre-Colindres' appeal, No. 94-35798, that he is not entitled to de novo adjudication of his asylum application, pursuant to the settlement agreement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991), we review the BIA's decision to determine whether it erred in denying Aguirre-Colindres' application for asylum and hold that it did not.
 
 A. Aguirre-Colindres' Drug Convictions
 
 3
 The BIA did not consider Aguirre-Colindres' drug convictions dispositive, but instead, it properly weighed at the countervailing equities and made findings to support its conclusions.[1] See Castro-O'Ryan v. Department of Immigration & Naturalization, 847 F.2d 1307, 1314 (9th Cir. 1988) (as amended) (requiring BIA to balance countervailing equities and make specific findings). Specifically, the BIA noted that Aguirre-Colindres failed to submit any evidence regarding rehabilitation for his crimes and that he lacked familial ties in the United States. Aguirre-Colindres argues he had no opportunity to show signs of rehabilitation because he has been incarcerated, but like the alien in Castro-O'Ryan, he could have offered evidence such as a good prison record or participation in a drug rehabilitation program. See id. at 1309.
 
 
 4
 As we noted in Mahini v. INS, 779 F.2d 1419, 1421 (9th Cir. 1986), the sale of heroin is a particularly serious crime which endangers the community because of its "deleterious effect on people." Strong countervailing equities must exist to justify granting asylum to an alien convicted of selling heroin. The countervailing equities in this case are few and insignificant, and we hold that the BIA did not abuse its discretion in denying Aguirre-Colindres' application on the basis of his drug convictions.
 
 
 5
 B. Aguirre-Colindres' Fear of Future Persecution
 
 
 6
 We also reject Aguirre-Colindres' contention that the BIA erred by concluding there was "little likelihood" he would suffer future persecution. By challenging the BIA's statements regarding the likelihood of future persecution, Aguirre-Colindres essentially is arguing he is eligible for asylum. His eligibility, however, is not at issue given that the BIA assumed Aguirre-Colindres "established statutory eligibility for asylum by virtue of [his] past persecution." The BIA's statements regarding the likelihood of future persecution were merely aimed at justifying its discretionary denial of asylum, not at a conclusion that Aguirre-Colindres is ineligible for asylum. Moreover, the BIA was not required to consider the possibility of future persecution before exercising its discretion to deny asylum. See Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir. 1987) (rejecting the alien's argument that "the BIA should weigh the seriousness of his offense against the severity of the persecution he is likely to suffer before deciding whether he is entitled to relief").
 
 
 7
 Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under 8 U.S.C. Sec. 1158(d), Aguirre-Colindres' aggravated felony conviction would automatically preclude him from receiving asylum. However, this section does not apply in this case because Aguirre-Colindres made his application for asylum on August 22, 1989. See Bastanipour v. INS, 980 F.2d 1129, 1131 (7th Cir. 1992) ("[Section 1158(d)] does not apply to applications for asylum filed before November 29, 1990.")