61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kiang GOH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70682.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Api-fht-zrj.
 B.I.A.
 
 
 1
 PETITION Denied.
 
 
 2
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges
 
 
 3
 MEMORANDUM**
 
 
 4
 Kiang Nge Goh ("Goh"), a native and citizen of the People's Republic of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum pursuant to 8 U.S.C. Sec. 1158(a), withholding of deportation pursuant to 8 U.S.C. Sec. 1253(h), suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a)(2), registration pursuant to 8 U.S.C. Sec. 1259(a), and adjustment of status pursuant to 8 U.S.C. Sec. 1255(a). Goh contends that the BIA erred by finding that his conviction of statutory rape made him ineligible for relief. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 5
 Goh was convicted on June 17, 1983 of first-degree statutory rape of an 8-year old child and served more than 10 years in prison for his crime. The record reflects that in sentencing Goh the judge departed upward from the sentencing guidelines because of Goh's violation of a "position of trust within family, as minister; [Goh's] deliberate cruelty to victim; age and vulnerability of victim; [Goh's] failure to complete treatment; [and] [Goh's] potential danger to community."
 
 
 6
 An applicant for asylum or withholding of deportation is ineligible for relief if he has been convicted of "a particularly serious crime." See 8 U.S.C. Sec. 1253 (h)(2)(B) (1980); 8 C.F.R. Sec. 208.14(d)(1) (1995). We have approved the BIA's consideration of the nature of the conviction, the type of sentence imposed, and the circumstances and facts underlying the conviction in determining whether the crime was "particularly serious." See Mahini v. INS, 779 F.2d 1419, 1421 (9th Cir. 1986). In this case, these factors support the BIA's finding that Goh was convicted of a "particularly serious crime" and was therefore ineligible for asylum or withholding of deportation. See id.
 
 
 7
 An applicant is ineligible for either registration or adjustment of status if he is an excludable alien under 8 U.S.C. Sec. 1182. See 8 U.S.C. Sec. 1259(a) (registration); Choe v. INS, 11 F.3d 925, 928-29 (9th Cir. 1993) (adjustment of status). An alien convicted of "a crime involving moral turpitude" is excludable under 8 U.S.C. Sec. 1182(a)(2)(A)(i)(I). Because Goh was convicted of a crime involving moral turpitude, see Gonzalez-Alvarado v. INS, 39 F.3d 245, 246 (9th Cir. 1994) (per curiam) (explaining that acts such as statutory rape "involve moral turpitude 'by their very nature"') (citation omitted), he was excludable and therefore ineligible for registration or adjustment of status.
 
 
 8
 The BIA correctly concluded that Goh was statutorily ineligible for suspension of deportation due to the fact that he had been confined to a penal institution for more than 180 days in the last seven years. See 8 U.S.C. Sec. 1101(f)(7) (providing that a person confined as a result of conviction for a period of 180 days or more is statutorily ineligible for a finding of good moral character).
 
 
 9
 To the extent that Goh is attempting to challenge the setting of bond by the INS District Director, we do not have jurisdiction to review discretionary decisions that were made outside of deportation proceedings under section 242(b) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1252(b). See Abedi-Tajrishi v. INS, 752 F.2d 441, 442 (9th Cir. 1985).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3