David Neumeister, Bakersfield, CA, for Petitioners.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jonathan Robbins, Esq., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and M. SMITH, Circuit Judges.

MEMORANDUM **

Petitioners Reynaldo Arredondo–Quintero and Luz Maria Gutierrez–Arredondo petition this court for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reconsider or reopen and remand the BIA's prior decision dated November 30, 2006.

To the extent petitioners seek review of the BIA's denial of the motion to reconsider and to remand, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioners seek review of the BIA's denial of the motion to reopen,

respondent's motion to dismiss this petition for lack of jurisdiction is granted. *See Fernandez v. Gonzales,* 439 F.3d 592 (9th Cir.2006).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Virgilio ANAYA–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74666.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Aug. 27, 2007.

Gary Finn, Esq., Law Offices of Gary Finn, Indio, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**392**

Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Keeney, Esq., Melissa Neiman–Kelting, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,* Chief District Judge.

MEMORANDUM **

Virgilio Anaya–Ortiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal and ordering him removed to Mexico. We deny the petition.

In 2001, petitioner was convicted of being a felon in possession of a firearm in violation of Cal.Penal Code § 12021(a)(1). Because this conviction is an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(E)(ii), petitioner is removable as charged pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Castillo–Rivera,* 244 F.3d 1020, 1024 (9th Cir.2001). Petitioner contends that the aggravated felony definition may be construed one way in the sentencing context and another in the immigration context, citing *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905 (9th Cir.2004). None of the policy concerns articulated in *Cazarez–Gutierrez* apply here, however. *Cf. Lopez v. Gonzales,* — U.S. —, 127 S.Ct. 625, 627–28, 166 L.Ed.2d 462 (2006).

The agency applied the correct legal standard in determining that petitioner's conviction for causing bodily injury while driving under the influence in violation of Cal. Veh.Code § 23153(b) qualified as a "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii), and that he is consequently ineligible for withholding of removal. The agency examined "the nature of the conviction, the type of sentence imposed, and the circumstances and facts underlying the conviction." *Mahini v. INS,* 779 F.2d 1419, 1421 (9th Cir.1986); *see also Afridi v. Gonzales,* 442 F.3d 1212, 1217–21 (9th Cir.2006); *In re Frentescu,* 18 I. & N. Dec. 244, 247 (BIA 1982).

**PETITION FOR REVIEW DENIED.**

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

