**Matthias Volker LUBICH, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 03–73241.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Submission Vacated June 28, 2006.

Resubmitted Sept. 19, 2007.

Joseph L. Feldun, Esq., Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON and CLIFTON, Circuit Judges, and HICKS **, District Judge.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Larry R. Hicks, United States District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM ***

Matthias Volker Lubich petitions for a review of the Board of Immigration Appeals' ("BIA") decision reversing the Immigration Judge's ("IJ") grant of withholding of removal. A decision by the BIA to reverse withholding of removal "reinstates the initial finding of removability, which ... is effectively an order of removal." *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). We thus have jurisdiction over the petition, which we deny.

Lubich argues that the BIA erroneously vacated the IJ's grant of withholding by retroactively applying its decision in *In re Y–L–,* 23 I. & N. Dec. 270 (BIA 2002), *disapproved on other grounds, Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir. 2003). Specifically, Lubich contends that *In re Y–L–* is an administrative regulation that cannot retroactively deny him withholding of removal. We disagree.

Even if the retroactive application of *In re Y–L–* violates Lubich's due process rights, his claim fails because he cannot demonstrate prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (A due process violation requires reversal if the petitioner demonstrates that "the outcome of the proceeding may have been affected by the alleged violation."). Under the law in place prior to *In re Y–L–,* Lubich's conviction would have been eligible for classification as a particularly serious crime. See *In re Frentescu,* 18 I. & N. Dec. 244 (BIA 1982). Likewise, the existing caselaw would have likely led to the conclusion that Lubich had committed a particularly serious crime. See, e.g.,

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mahini v. INS,* 779 F.2d 1419, 1421 (9th Cir.1986) ("[T]he Board has continually found convictions for drug possession and trafficking to be particularly serious, and the offenders a danger to the community.").

For the reasons described above, we hold that the BIA did not err when it found Lubich ineligible for withholding of removal based on his prior convictions in Germany for "particularly serious crimes." 8 U.S.C. § 1231(b)(3)(B)(ii).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided