**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANGEL MATA CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-73716<br><br>Agency No. A79 264 607<br><br>MEMORANDUM* |

On Petition to Review a Decision of the
Board of Immigration Appeals

Argued and Submitted November 18, 2011
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BREWSTER, Senior
District Judge.**

Petitioner Angel Mata Castillo appeals the Board of Immigration Appeal's

(BIA) decision to reverse the Immigration Judge's (IJ) award of withholding of

removal under the immigration statute and for protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rudi M. Brewster, Senior District Judge for the U.S.
District Court for Southern California, sitting by designation.

Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. *Delgado v. Holder*, 648 F.3d 1095, 1099-100 (9th Cir. 2011) (en banc); *Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010). We grant the petition in so far as Castillo relies on the CAT.

As to the claim for asylum, Castillo argues that his criminal conviction for selling and transporting methamphetamine does not qualify as a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii), § 1158(b)(2)(A)(ii). The state court imposed a sentence of probation with 168 days of community service and Castillo argues that mitigating factors apply to his case.

We discern no legal error. The Attorney General applies a "strong presumption" that a drug trafficking offense resulting in a sentence of less than five years is a "particularly serious crime." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 945-49 (9th Cir. 2007); *Mahini v. INS*, 779 F.2d 1419, 1420-21 (9th Cir. 1986). As the seller of a dangerous drug, Castillo did not have merely peripheral involvement in the transaction. Consequently, Castillo is not eligible to seek withholding of removal under the statute or CAT. 8 U.S.C. § 1158(b)(2)(A)(ii); 8 C.F.R. § 1208.16(d); *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011).

Despite his criminal conviction, Castillo is eligible for *deferral* of removal under the CAT because his life would be in serious danger if he were to be

removed to Mexico. 8 C.F.R. § 1208.17(a); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 n.4 (9th Cir. 2005). We are compelled to reverse the BIA's decision because overwhelming evidence supports the IJ's conclusion that Castillo would "more likely than not" face torture within the meaning of the regulations. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (citing 8 C.F.R. § 1208.18(a)(1)); *Edu*, 624 F.3d at 1144-45. Here, the IJ found that Castillo, his wife, and his father-in-law were credible witnesses, and the BIA accepted those determinations. *Cole*, 659 F.3d at 770; *Edu*, 624 F.3d at 1143; *Kalubi v. Ashcroft*, 364 F.3d 1134, 1135-38 (9th Cir. 2004). Their testimony and supporting documents establish the validity of Castillo's claim for protection under the CAT.

**AFFIRMED in part, REVERSED in part, and REMANDED.** Each party shall bear their own costs.