NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUSSAIN ABDUL RAHEM K. AL ZUBAIDY, AKA Hussain Abdul Al Zubaidy, AKA Abdul Rahem, | No. 14-70205 |
| Petitioner, | Agency No. A071-675-306 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 13, 2016
San Francisco, California

Before: BERZON and MURGUIA, Circuit Judges, and BLOCK,** District Judge.

Petitioner Hussain Abdul Al Zubaidy ("Al Zubaidy") petitions this Court for

review of the Board of Immigration Appeals' ("BIA") final order affirming the

decision of the Immigration Judge ("IJ") denying his application for withholding of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Frederic Block, Senior District Judge for the Eastern District of New York, sitting by designation.

removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's determination that Al Zubaidy failed to show his eligibility for CAT protection. Al Zubaidy failed to present evidence beyond mere speculation that any potential torturers in Iraq actually know or are likely to discover his past work as a U.S. military contractor. He has not demonstrated that anyone in Iraq saw the U.S. military commercial in which he appeared, nor has he demonstrated that any of his family in Iraq knows of his past work or, if they did, would share that information with others. For this reason, Al Zubaidy has not met his burden of establishing that "he will 'more likely than not' be tortured if removed to his home country." *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (quoting 8 C.F.R. § 1208.17).

2. We review the BIA and IJ's particularly serious crime substantive determination for an abuse of discretion and legal challenges to that determination de novo, *Arbid v. Holder*, 700 F.3d 379, 383, 385 n.3 (9th Cir. 2012), subject to harmless error review. *See, e.g., Vides-Vides v. I.N.S.*, 783 F.2d 1463, 1469 (9th Cir. 1986); *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000). The BIA and the IJ did not abuse their discretion in determining that Al Zubaidy's conviction for conspiracy to conduct enterprise affairs through a pattern of

racketeering activity in violation of 18 U.S.C. § 1962(d) was a particularly serious crime.

The IJ first determined that racketeering activities, which include murder, kidnapping, gambling, arson, robbery, bribery, extortion, and dealing in controlled substances, 18 U.S.C. § 1961, generally fall within the ambit of particularly serious crimes. *See Mahini v. I.N.S.*, 779 F.2d 1419, 1421 (9th Cir. 1986) (possession and conspiracy to distribute controlled substances); *Matter of M-W-*, 25 I. & N. Dec. 748, 760 (BIA 2012) (murder); *Matter of L-S-J*, 21 I. & N. Dec. 973, 975 (BIA 1997) (robbery with a deadly weapon). The IJ then properly considered "the nature of the conviction, the circumstances and underlying facts of the conviction, [and] the type of sentence imposed" to conclude that Al Zubaidy was in fact convicted of a particularly serious crime. *See Arbid*, 700 F.3d at 384.

The IJ properly considered all reliable evidence in the record, including the criminal complaint, an FBI affidavit in support of the arrest warrant, the abstract of judgment, and Al Zubaidy's testimony, in making the particularly serious crime determination. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction.") (quoting *Matter of N-A-M*, 24 I & N Dec. 336, 342 (BIA 2007)). The record

3

evidence indicated that Al Zubaidy voluntarily joined a drug-trafficking organization, acted as a drug courier for that organization, and conspired to commit murders and robberies on behalf of the organization. The record also shows that Al Zubaidy was sentenced to 21 months in prison. Al Zubaidy's testimony before the IJ that he was innocent of the charged crime conflicts with the fact of his conviction.

Although the IJ committed a procedural legal error by not asking Al Zubaidy, after the plea colloquy transcript was introduced, to explain the inconsistency between his testimony in Immigration Court and his statements during the plea colloquy, the error was harmless. Al Zubaidy had already explained the relevant inconsistency, between his testimony and the plea itself. He testified that he pleaded guilty to the criminal charge because he was scared members of the conspiracy would otherwise take his life. As the IJ and the BIA found, this testimony was contradicted by the other evidence in the record.

Since neither the IJ nor the BIA abused its discretion in holding that Al Zubaidy was convicted of a particularly serious crime, and the legal error was harmless, he was ineligible for withholding of removal.

PETITION DENIED.

4